HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDY LYNOTT, | No.  12-cv-5572-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #24) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | |
| Defendants. | |

Plaintiff brought suit against Defendants U.S. Bank, N.A., JPMorgan Chase, N.A., and Mortgage Electronic Registration Systems, Inc. ("MERS") arising from certain alleged improprieties in the foreclosure process.  Defendants have moved to dismiss.  For the reasons stated below, the motion is granted.

## I.    BACKGROUND

In 2007, Plaintiff borrowed $290,500 to purchase residential property, executing both a promissory note and deed of trust in the process.  (Pl.'s Resp. at 2, Dkt. #31.)  The deed named American Brokers Conduit as the lender and MERS as the beneficiary, "acting solely as nominee" for the lender and its assigns.  (Def.'s Req. for Judicial Notice, Ex. 3, Dkt. #25.)[1]

---

[1] The Court may properly consider the promissory note, deed of trust, assignment of the deed of trust, and other exhibits because they are referenced in the Complaint, integral to the proceedings, and their authenticity undisputed. *Dent v. Cox Comm. Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (expressly permitting district court to consider an integral and authentic document outside the pleadings) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiffs complaint necessarily relies." *Id*, *superseded by statute on other grounds as noted in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)).

Plaintiff took out a second and third mortgage on the property, but those loans are not at issue here.

American Brokers endorsed the note in blank, and it is currently held by U.S. Bank as trustee for the JPMorgan Alternative Loan Trust 2007-A2.  (Def.'s Mot. to Dismiss at 4, Dkt. #24.)  U.S. Bank contracted JPMorgan Chase to act as servicer for Plaintiff's loan.  (Def.'s Reply at 3, Dkt. #37.)

In May 2011, Plaintiff defaulted on the note.  (Def.'s Mot. to Dismiss at 4, Dkt. #24.)  U.S. Bank took no action until February 2012, when Chase sent Plaintiff a "Notice of Pre-Foreclosure Options," which identified U.S. Bank as the beneficiary of the deed and Chase as its agent.  (Def.'s Req. for Judicial Notice, Ex. 10–11.)

In May 2012, MERS assigned the deed to U.S. Bank and recorded the assignment with the Pierce County Auditor.  (*Id.*, Ex. 12.)  It is this fact that gives rise to Plaintiff's claims.  Plaintiff stresses that at the time MERS assigned the deed, American Brokers did not exist (having filed bankruptcy in 2007).  (Pl.'s Resp. at 3, Dkt. #31.)  Thus, argues Plaintiff, U.S. Bank could not have been the beneficiary and lacked authority to foreclose.  Further, Plaintiff faults the foreclosure proceeding because "Chase has no recorded interest" in the deed.  (*Id.*)

In June 2012, U.S. Bank issued notices of default to Plaintiff.  (Def.'s Req. for Judicial Notice, Ex. 7–8.)

Based on these facts, Plaintiff asserts claims for slander of title and violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.

## II.   DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the Court must accept as true a complaint's well-pled facts,

conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Here, Plaintiff's claims arise from a fundamental misunderstanding of the law.  U.S. Bank is the beneficiary of the deed because it holds Plaintiff's note, not because MERS assigned it the deed.  Under Washington law, a beneficiary is *by definition* the party holding the note: "'Beneficiary' means the holder of the instrument or document evidencing the obligations secured by the deed of trust." Wash. Rev. Code § 61.24.005(2).  This rule, however, is merely the codification of the longstanding principle that "the deed follows the debt." *See* Restatement (Third) of Property (Mortgages) § 5.4(a) ("A transfer in full of the obligation automatically transfers the mortgage as well . . . ."); *see also Carpenter v. Longan*, 83 U.S. 271 (1872) ("The transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.").  The Washington Supreme Court reiterated this principle in *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wash. 2d 83, 104 (2012), stating "Washington's deed of trust act contemplates that the security instrument will follow the note, not the other way around."  In sum, possession of the note makes U.S. Bank the beneficiary; the assignment merely publicly records that fact.  Because U.S. Bank is the proper beneficiary, it is empowered to initiate foreclosure following Plaintiff's default.

Plaintiff relies heavily on *Bain* in arguing that MERS's assignment renders U.S. Bank incapable of foreclosing.  In *Bain*, the court held that MERS could not act as a beneficiary unless it actually held a borrower's note. *Id.* at 110.  *Bain* did not, however, create a *per se* cause-of-action based solely on MERS's involvement. *See Mickelson v. Chase Home Finance, LLC*, No.

11-cv-1445, 2012 WL 5377905 at *2 (W.D. Wash. Oct. 31, 2012).  In this case, Plaintiff has alleged no injury arising from MERS's actions, and she cannot therefore sustain a CPA claim.

Lastly, Plaintiff argues that Chase improperly issued foreclosure notices because it has "no recorded interest" in the property.  But, it is abundantly clear that Chase was acting as an agent for U.S. Bank, the proper beneficiary.  The Washington Deed of Trust Act expressly authorizes the use of agents.  *See, e.g.*, Wash. Rev. Code § 61.24.031(1)(a); *Bain*, 175 Wash. 2d at 106 ("noting in this opinion should be construed to suggest an agent cannot represent the holder of a note").  Chase thus acted properly as an agent for U.S. Bank.

### III.   CONCLUSION

For the foregoing reasons, JPMorgan Chase's Motion to Dismiss (Dkt. #24) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.  Defendant Wells Fargo's Motion to Dismiss (Dkt. #33) is **STRICKEN AS MOOT**.


Dated this 30th day of November 2012.



Ronald B. Leighton
United States District Judge